**Matthew S. Parmet** (CSB # 296742)
matt@parmet.law
**PARMET PC**
340 S. Lemon Ave., #1228
Walnut, CA 91789
phone  310 928 1277

**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| VERONICA RUIZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>STAFFMARK GROUP, LLC,<br><br>Defendant. | Case No. 8:21-cv-00664<br><br>**Plaintiff's Original Class and Collective Action Complaint for Damages**<br><br>1. **Failure to pay overtime compensation (Fair Labor Standards Act, 29 U.S.C. § 201,** *et seq.***)**<br>2. **Failure to pay wages (CAL. LAB. CODE §§ 510, 1194, 1194.5; IWC Wage Orders)**<br>3. **Failure to provide compensation for missed meal and rest periods (CAL. LAB. CODE §§ 226.7, 512; IWC Wage Orders)**<br>4. **Violations of record keeping requirements (CAL. LAB. CODE § 226)**<br>5. **Waiting time penalties (CAL. LAB. CODE § 203)**<br>6. **Violation of Unfair Competition Law (CAL. BUS. & PROF. CODE §§ 17200,** *et seq.***)** |

## SUMMARY

1.      Plaintiff Veronica Ruiz worked for Defendant Staffmark Group, LLC (Staffmark) as a Recruiter.

2.      Ruiz regularly worked for Staffmark in excess of 40 hours each week.

3.      Ruiz regularly worked for Staffmark in excess of eight hours each day.

4.      But Ruiz never received overtime for hours worked in excess of 40 hours in a single workweek.

5.      And Ruiz never received overtime for hours worked in excess of eight in a single workday.

6.      Instead of paying overtime as required by the FLSA or the California Labor Code, Staffmark improperly classified Ruiz and all Recruiters as exempt employees and paid them a salary with no overtime compensation.

7.      Ruiz brings this collective action to recover the unpaid overtime wages and other damages owed to herself and other misclassified workers like her.

8.      Ruiz seeks back wages, liquidated damages, attorney fees, costs, and all other remedies available under the FLSA and California law.

## JURISDICTION & VENUE

9.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves a federal question under the FLSA, 29 U.S.C. § 216(b).

10.     The Court also has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d).

11.     The Court has supplemental jurisdiction over any state law class pursuant to 28 U.S.C. § 1367.

12.     Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b) because Ruiz worked for Staffmark in this District and Division.

## PARTIES

13.     Ruiz worked for Staffmark as a recruiter from approximately August 2015 to August 2018.

14.     Ruiz's consent to be a party plaintiff is attached as Exhibit A.

15.     Ruiz brings this action on behalf of herself and all other similarly situated inspectors under the collective action provisions of the FLSA. *See* 29 U.S.C. §216(b). Staffmark subjected the Putative Class to the same FLSA violations as Ruiz, and such a class is properly defined as:

PARMET PC

**All current and former recruiters employed by Staffmark at any time during the past three years who were paid a salary and no overtime compensation (the "FLSA Recruiters").**

16.     Ruiz also seeks class certification of a class under FED. R. CIV. P. 23 under the California Labor Code, defined as follows:

**All current and former salaried recruiters employed by Staffmark in California at any time during the past four years who were paid a salary and no overtime compensation (the "California Recruiters").**

17.     Together, the FLSA Recruiters and California Recruiters are referred to as the Salaried Recruiters.

18.     Staffmark Training, LLC is an Delaware corporation with its headquarters and principal place of business in Ohio.

19.     Staffmark conducts business in a systematic and continuous manner throughout California, including this District and Division.

20.     Staffmark may be served by serving its registered agent for service of process: **Corporation Service Company d/b/a CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833**.

COVERAGE UNDER THE FLSA

21.     For at least the past three years, Staffmark has been an employer within the meaning of the section 3(d) of the FLSA, 29 U.S.C. § 203(d).

22.     For at least the past three years, Staffmark has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

23.     For at least the past three years, Staffmark has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as construction equipment, laptops, and cell phones – that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

24.    For at least the past three years, Ruiz and the FLSA Recruiters were engaged in commerce or in the production of goods for commerce.

**FACTS**

25.    Staffmark is an employment and staffing company operating throughout the United States and internationally, including in California.

26.    Ruiz worked for Staffmark from August 2015 until May 2018 as a Recruiter.

27.    Ruiz performed work for Staffmark in Cypress, California.

28.    Throughout her employment with Staffmark, she was classified as an exempt employee and paid a salary with no overtime compensation.

29.    As a Recruiter, Ruiz regularly worked more than 40 hours each week without receiving overtime compensation.

30.    On average, Ruiz estimates she worked approximately 50-55 hours each week.

31.    As a Recruiter, Ruiz performed non-exempt job duties including calling potential employees for placement into companies that contracted with Staffmark.

32.    The job functions of Ruiz were primarily technical in nature, requiring little to no official training, much less a college education or other advanced degree.

33.    Ruiz was subjected to policies and procedures which dictated her day-to-day activities.

34.    Ruiz was denied overtime as a result of Respondent's illegal pay practice.

35.    The work Ruiz performed was an essential and integral part of Staffmark's core business.

36.    No advanced degree is required to become a Recruiter.

37.    Being a Recruiter does not require specialized academic training as a standard prerequisite.

38.    Ruiz did not have any supervisory or management duties.

39.    To the extent Ruiz made "decisions," such decisions do not require the exercise of independent discretion and judgment.

40.    Instead, Ruiz applied well-established techniques and procedures and used established standards to evaluate any issues.

PARMET PC

41.     Ruiz did not set the techniques and procedures utilized to perform her job duties and do not set quality standards.

42.     Staffmark's Recruiters are not allowed to deviate from the techniques and procedures utilized to perform their job duties or from any quality standards.

43.     With these job duties, Ruiz was clearly a non-exempt employee under the FLSA.

44.     Staffmark did not pay Ruiz overtime for hours worked in excess of 40 in a single workweek.

45.     Instead, Staffmark paid Ruiz a base salary for days worked in the office.

46.     Staffmark keeps accurate records of the hours, or at least the days, its recruiters work.

47.     Staffmark also keeps accurate records of the amount of pay its recruiters receive.

48.     Because Ruiz and the Salaried Recruiters were misclassified as exempt employees by Staffmark, they should receive overtime for all hours that they worked in excess of 40 hours in each workweek.

49.     As such, Ruiz and the Salaried Recruiters were not properly compensated as one-and-one-half times their regular rate—as defined by the FLSA—for all overtime worked in excess of 40 hours in a single workweek.

50.     Nor were Ruiz and the Salaried Recruiters paid overtime under California law for hours worked more than eight in a workday or 40 in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

51.     Numerous Recruiters have been victimized by this pattern, practice, and policy, which are in willful violation of the FLSA.

52.     Many of these employees have worked with Ruiz and the Salaried Recruiters and were paid a salary without overtime pay. Even if their precise job titles may differ, the Salaried Recruiters are all victims of Staffmark's unlawful compensation practices and are similarly situated to Ruiz in terms of **relevant** job duties, pay provisions, and employment practices.

53.     Thus, from Ruiz's observations and discussions with these Recruiters, she is aware that the illegal practices or policies of Staffmark have been imposed on a distinct group of its employees.

54.     Ruiz's experiences are typical of the Salaried Recruiters' experiences.

PARMET PC

55. Ruiz and the Salaried Recruiters did not exercise independence and discretion in their primary duties, but Staffmark classified them as exempt from overtime pay.

56. The Salaried Recruiters regularly work or have worked in excess of 40 hours during a workweek.

57. Plaintiff and the Salaried Recruiters did not have any supervisory or management duties.

58. To the extent the recruiters make "decisions," such decisions do not require the exercise of independent discretion and judgment.

59. Instead, the Recruiters apply well-established techniques and procedures and use established standards to evaluate any issues.

60. Recruiters do not set the techniques and procedures utilized to perform their job duties and do not set quality standards.

61. Recruiters are not allowed to deviate from the techniques and procedures utilized to perform their job duties or from any quality standards.

62. With these job duties, the Recruiters are clearly non-exempt employees under the FLSA.

63. Ruiz has no interests contrary to, or in conflict with, the Salaried Recruiters that would prevent class or collective treatment.

64. Like each Salaried Recruiter, Ruiz has an interest in obtaining the unpaid overtime wages owed under federal law.

65. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

66. Absent a class and collective action, many Salaried Recruiters will not obtain redress of their injuries, and Staffmark will reap the unjust benefits of violating the FLSA.

67. Further, even if some of the Salaried Recruiters could afford individual litigation against Staffmark, it would be unduly burdensome to the judicial system.

68. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Salaried Recruiters, as well as provide judicial consistency.

69.     The questions of law and fact that are common to each Salaried Recruiter predominate over any questions affecting solely the individual members.

70.     Among the common questions of law and fact are:

   a.     Whether Staffmark employed the Salaried Recruiters within the meaning of the FLSA;

   b.     Whether Staffmark's decision to classify its recruiters as exempt from overtime pay violated the FLSA;

   c.     Whether Staffmark's violations of the FLSA were made in good faith;

   d.     Whether Staffmark's violations of the FLSA were willful; and

   e.     Whether Staffmark's illegal pay practices applied to all Salaried Recruiters.

71.     The questions of law and fact that are common to each Salaried Recruiter predominate over any questions affecting solely the individual members.

72.     Ruiz and the Salaried Recruiters sustained damages arising out of Staffmark's illegal and uniform pay policy.

73.     Ruiz knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forRuiz as a collective action.

74.     Staffmark's illegal pay policy uniformly deprived Ruiz and the Salaried Recruiters of the overtime wages they are owed under federal law.

75.     There are many similarly situated Salaried Recruiters who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

76.     Notice of this lawsuit should be sent to the FLSA Recruiters pursuant to 29 U.S.C. § 216(b).

77.     The Salaried Recruiters are known to Staffmark, are readily identifiable, and can be located through Staffmark's records.

### FIRST CAUSE OF ACTION—VIOLATION OF THE FLSA

78.     Ruiz incorporates all other allegations.

79.    At all relevant times, Staffmark was an enterprise engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

80.    Staffmark employed Ruiz and the FLSA Recruiters.

81.    Staffmark's policy of classifying its recruiters as exempt from overtime pay denied Ruiz and the FLSA Recruiters overtime compensation at the legal overtime rates required by the FLSA.

82.    As such, Staffmark has failed to properly pay Ruiz and the FLSA Recruiters overtime wages at one-and-one-half times their regular rates for all hours worked in excess of 40 hours per workweek.

83.    Staffmark's failure to pay Ruiz and the FLSA Recruiters proper overtime violated the FLSA.

84.    Staffmark knew, or showed reckless disregard for whether, its conduct violated the FLSA.

85.    Accordingly, Ruiz and the FLSA Recruiters are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

**SECOND CAUSE OF ACTION—FAILURE TO PAY WAGES UNDER CALIFORNIA LAW**

86.    Ruiz incorporates all other allegations.

87.    The California Labor Code requires that all employees, including Ruiz, receive 1.5 times their hourly rate as overtime premium compensation for hours worked over eight in one day. CAL. LAB. CODE § 510 (2017); IWC Wage Orders #1-2001 through #17-2001.

88.    Despite working over eight hours a day as part of their normal and regular shift, Ruiz did not receive the full overtime compensation at a rate not less than one-and-one-half times their proper regular rates for all hours worked over eight in one day.

89.    The California Labor Code also requires that all employees, including Ruiz, receive two times the overtime premium compensation for hours worked over 12 in one day. CAL. LAB. CODE § 510 (2017); IWC Wage Orders #1-2001 through #17-2001.

90.    Although Ruiz occasionally worked over 12 hours in one day, they did not receive the "double time" compensation required by California law.

91.     The California Labor Code requires that all employees, including Ruiz, receive two times the overtime premium compensation for hours worked over 8 in one day, in the seventh day of a workweek. CAL. LAB. CODE §§ 510, 551–52 (2017); IWC Wage Orders #1-2001 through #17-2001.

92.     Although Ruiz regularly worked seven days a week, for at least 12 hours a day, they did not receive the "double time" compensation required by California law for all hours over eight worked on the seventh day.

93.     This pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation is unlawful and entitles Ruiz to recover unpaid balance of the full amount of overtime wages owing, including liquidated damages, interest, attorneys' fees, and costs of suit pursuant to California Labor Code section 1194.

### THIRD CAUSE OF ACTION—FAILURE TO PROVIDE
### COMPENSATION FOR MISSED MEAL AND REST PERIODS

94.     Ruiz incorporates all other allegations.

95.     In accordance with the mandates of California Labor Code sections 226.7 and 512, and applicable IWC Wage Orders, Ruiz had the right to take two uninterrupted 30-minute meal periods for each day they worked 10 hours per day and a 10 minute rest period for every four hours worked per day. CAL. LAB. CODE §§ 226.7, 512; IWC Wage Orders #1-2001 through #17-2001.

96.     Although the California Labor Code requires that all employees, including Ruiz, receive two, 30-minute meal-period breaks when employed for ten hours per day, Ruiz did not receive two meal-period breaks for each day worked, despite working shifts of 12 hours or more. CAL. LAB. CODE § 512; IWC Wage Orders #1-2001 through #17-2001.

97.     As a pattern and practice, Staffmark did not provide Ruiz with meal-period breaks, and did not provide proper compensation for this failure as required by California law.

98.     Although the California Labor Code requires that all employees, including Plaintiff, receive a 10-minute rest period for every four hours worked, Ruiz and the California Recruiters did not receive any rest periods during their shifts of 12 or more hours. CAL. LAB. CODE § 512; IWC Wage Orders #1-2001 through #17-2001.

PARMET PC

99.     As a pattern and practice, Staffmark did not provide Ruiz with rest-period breaks, and did not provide proper compensation for this failure as required by California law.

100.     Ruiz is entitled to receive compensation, at their regular rate of pay, of one hour for each day they were denied their lawfully required meal- and rest-periods. CAL. LAB. CODE § 512; IWC Wage Orders #1-2001 through #17-2001.

101.     Staffmark's policy failed to provide Ruiz with the legally mandated meal period breaks. Such a pattern, practice, and uniform administration of corporate policy as described herein is unlawful and creates an entitled to recovery by Ruiz in a civil action, for the balance of the unpaid compensation pursuant to Labor Code sections 226.7 and 512, and applicable IWC Wage Orders.

**FOURTH CAUSE OF ACTION—VIOLATIONS OF RECORD KEEPING REQUIREMENTS**

102.     Ruiz incorporates all other allegations.

103.     California Labor Code section 226 requires Staffmark to keep accurate records regarding the rates of pay for their California employees and provide that information to Ruiz with their wage payment.

104.     Because Staffmark failed to pay Ruiz lawful wages, it did not maintain accurate records of Ruiz and the California Recruiters' daily hours, gross wages earned, net wages earned, and the applicable hourly rates, and did not provide that information to Ruiz and the California Recruiters with their wages.

105.     This pattern, practice, and uniform administration of corporate policy is unlawful and entitles Ruiz to recover all damages and penalties available by law, including interest, penalties, attorney fees, and costs of suit. CAL. LAB. CODE § 226(e).

**FIFTH CAUSE OF ACTION—WAITING TIME PENALTIES**

106.     Ruiz incorporates all other allegations.

107.     At all relevant times, Staffmark was required to pay Ruiz all wages owed in a timely fashion at the end of employment pursuant to California Labor Code sections 201 to 204.

108.     As a result of Staffmark's alleged California Labor Code violations, Staffmark regularly failed to pay Ruiz his final wages pursuant to California Labor Code sections 201 to 204, and accordingly Staffmark owes waiting time penalties pursuant to California Labor Code section 203.

PARMET PC

109.    The conduct of Staffmark, in violation of Ruiz's rights, was willful and was undertaken by the agents, employees, and managers of Staffmark.

110.    Staffmark's willful failure to provide Ruiz the wages due and owing them upon separation from employment results in a continuation of wages up to 30 days from the time the wages were due.

111.    Therefore, Ruiz is entitled to compensation pursuant to California Labor Code section 203.

**SIXTH CAUSE OF ACTION—VIOLATION OF UNFAIR COMPETITION LAW**

112.    Ruiz incorporates all other allegations.

113.    Staffmark has engaged, and continues to engage, in unfair and unlawful business practices in California by practicing, employing, and utilizing the employment practices outlined above by knowingly denying employees: (1) overtime wages required under federal law; (2) overtime wages required by California law; (3) meal- and rest-period break wages; (4) accurate wage statements; and (5) waiting time penalties.

114.    As a result of Staffmark's failure to comply with federal and state law, Staffmark has also violated the California Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE § 17200, *et. seq.*, which prohibits unfair competition by prohibiting any unlawful or unfair business actions or practices.

115.    The relevant acts by Staffmark occurred within the four years preceding the filing of this action.

116.    On information and belief, Staffmark has engaged in unlawful, deceptive, and unfair business practices, pursuant to California's Business and Professions Code section 17200, *et seq.*, including those set forth above, depriving Ruiz and the California Recruiters of minimum working condition standards and conditions under California law and IWC Wage Orders as set forth above.

117.    Ruiz is entitled to restitution for at least the following: restitution for unpaid overtime wages and unpaid California Labor Code § 203 continuation wages.

118.    Ruiz is also entitled to permanent injunctive and declaratory relief prohibiting Staffmark from engaging in the violations and other misconduct referred to above.

PARMET PC

119.    Staffmark is also liable for fees and costs pursuant to California Code of Civil Procedure section 1021.5 and other applicable law.

### RELIEF SOUGHT

120.    Ruiz prays for judgment against Staffmark as follows:

a.      For an order certifying this case as a collective action for the purposes of the FLSA claims;

b.      For an order certifying this case as a class action under Rule 23 for purposes of the California Recruiters;

c.      For an order finding Staffmark liable for violations of federal wage laws with respect to Ruiz and all Class Members covered by this case;

d.      For a judgment awarding all unpaid wages, liquidated damages, and penalty damages, to Ruiz and all Class Members covered by this case;

e.      For a judgment awarding Ruiz and all Class Members covered by this case their costs of this action;

f.      For a judgment awarding Ruiz and all Class Members covered by this case their attorneys' fees;

g.      For a judgment awarding Ruiz and all Class Members covered by this case pre- and post-judgment interest at the highest rates allowed by law; and

h.      For all such other and further relief as may be necessary and appropriate.

Date:   <u>April 9, 2021</u>

Respectfully submitted,

*/s/ Matthew S. Parmet*

By: _____

**Matthew S. Parmet**
(CSB # 296742)
matt@parmet.law
**PARMET PC**
340 S. Lemon Ave., #1228
Walnut, CA 91789
phone  713 999 5228
fax      713 999 1187

Attorneys for Plaintiff

PARMET PC