Carl A. Fitz (Admitted *pro hac vice*)
cfitz@mybackwages.com
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Ste. 3050
Houston, TX 77046

Matthew S. Parmet (CSB # 296742)
matt@parmet.law
**PARMET PC**
340 S. Lemon Ave., #1228
Walnut, CA 91789
phone 310 928 1277

**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| GRISELDA MUNGUIA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>STAFFMARK INVESTMENT LLC,<br><br>Defendant. | Case No. 8:21-cv-00664-DOC-DFM<br><br>**Plaintiff's First Amended Class Action Complaint for Damages**<br><br>1. **Failure to pay wages (CAL. LAB. CODE §§ 510, 1194, 1194.5; IWC Wage Orders)**<br>2. **Failure to provide compensation for missed meal and rest periods (CAL. LAB. CODE §§ 226.7, 512; IWC Wage Orders)**<br>3. **Violations of record keeping requirements (CAL. LAB. CODE § 226)**<br>4. **Waiting time penalties (CAL. LAB. CODE § 203)**<br>5. **Violation of Unfair Competition Law (CAL. BUS. & PROF. CODE §§ 17200, *et seq.*)** |

## SUMMARY

1. Plaintiff Griselda Munguia (Munguia) worked for Staffmark as a Recruiter.

2. Munguia regularly worked for Staffmark in excess of 40 hours each week.

3. Munguia regularly worked for Staffmark in excess of eight hours each day.

4. But Munguia never received overtime for hours worked in excess of 40 hours in a single workweek.

5. And Munguia never received overtime for hours worked in excess of eight in a single workday.

6. Instead of paying overtime as required by the California Labor Code, Staffmark improperly classified Munguia and all California Recruiters as exempt employees and paid them a salary with no overtime compensation.

7. Munguia brings this class action to recover the unpaid overtime wages and other damages owed to herself and other misclassified workers like her.

8. Munguia seeks back wages, liquidated damages, attorney fees, costs, and all other remedies available under California law.

## JURISDICTION & VENUE

9. This Court has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over any state law class pursuant to 28 U.S.C. § 1367.

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists between the Parties and the amount in controversy exceeds $75,000.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Munguia worked for Staffmark in this District and Division.

## PARTIES

12. Munguia worked for Staffmark as a Recruiter from approximately 2005 to July 2017.

13. Munguia seeks class certification of a class under FED. R. CIV. P. 23 and the California Labor Code, defined as follows:

> **All current and former salaried recruiters employed by Staffmark in California at any time during the past four years who were paid a salary and no overtime compensation (the "Salaried Recruiters").**

14. Staffmark Investment LLC is an Delaware corporation with its headquarters and principal place of business in Ohio.

15. Staffmark conducts business in a systematic and continuous manner throughout California, including this District and Division.

16. Staffmark may be served by serving its registered agent for service of process: **Corporation Service Company d/b/a CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833**.

## FACTS

17. Staffmark is an employment and staffing company operating throughout the United States, including in California.

18. Munguia worked for Staffmark as a Recruiter from approximately 2005 to July 2017.

19. Munguia performed work for Staffmark in Placentia, California.

20. Throughout her employment with Staffmark, Munguia was classified as an exempt employee and paid a salary with no overtime compensation.

21. As a Recruiter, Munguia regularly worked more than 40 hours each week without receiving overtime compensation.

22. On average, Munguia estimates she worked approximately 45-55 hours each week.

23. The job functions of Plaintiff and the Salaried Recruiters were primarily technical in nature, requiring little to no official training, much less a college education or other advanced degree.

24. Plaintiff and the Salaried Recruiters were subjected to policies and procedures which dictated her day-to-day activities.

25. Plaintiff and the Salaried Recruiters were denied overtime as a result of Respondent's illegal pay practice.

26. The work Plaintiff and the Salaried Recruiters performed was an essential and integral part of Staffmark's core business.

27. No advanced degree is required to become a Recruiter.

28. Being a Recruiter does not require specialized academic training as a standard prerequisite.

29. Plaintiff and the Salaried Recruiters did not have any supervisory or management duties.

30. To the extent Plaintiff and the Salaried Recruiters made "decisions," such decisions do not require the exercise of independent discretion and judgment.

31. Instead, Plaintiff and the Salaried Recruiters applied well-established techniques and procedures and used established standards to evaluate any issues.

32. Plaintiff and the Salaried Recruiters did not set the techniques and procedures utilized to perform her job duties and do not set quality standards.

33. Staffmark's Recruiters are not allowed to deviate from the techniques and procedures utilized to perform their job duties or from any quality standards.

34. With these job duties, the Salaried Recruiters was clearly a non-exempt employee under the California Labor Code.

35. Staffmark did not pay Plaintiff and the Salaried Recruiters overtime for hours worked in excess of 40 in a single workweek.

36. Instead, Staffmark paid Plaintiff and the Salaried Recruiters a base salary for days worked in the office.

37. Staffmark keeps accurate records of the hours, or at least the days, its recruiters work.

38. Staffmark also keeps accurate records of the amount of pay its recruiters receive.

39. Because Plaintiff and the Salaried Recruiters were misclassified as exempt employees by Staffmark, they should receive overtime for all hours that they worked in excess of 40 hours in each workweek.

40. As such, Plaintiff and the Salaried Recruiters were not properly compensated as one-and-one-half times their regular rate—as defined by the California Labor Code —for all overtime worked in excess of 40 hours in a single workweek.

41. Nor were Plaintiff and the Salaried Recruiters paid overtime under California law for hours worked more than eight in a workday or 40 in a workweek.

**CLASS ACTION ALLEGATIONS**

42. Numerous Recruiters have been victimized by this pattern, practice, and policy, which are in willful violation of the California Labor Code.

43. Many of these employees have worked with Plaintiff and the Salaried Recruiters and were paid a salary without overtime pay. Even if their precise job titles may differ, the Salaried

Recruiters are all victims of Staffmark's unlawful compensation practices and are similarly situated to Munguia in terms of **relevant** job duties, pay provisions, and employment practices.

44. Thus, from Munguia's observations and discussions with these Salaried Recruiters, she is aware that the illegal practices or policies of Staffmark have been imposed on a distinct group of its employees.

45. Munguia's experiences are typical of the Salaried Recruiters' experiences.

46. Munguia and the Salaried Recruiters did not exercise independence and discretion in their primary duties, but Staffmark classified them as exempt from overtime pay.

47. The Salaried Recruiters regularly work or have worked in excess of 40 hours during a workweek.

48. Plaintiff and the Salaried Recruiters did not have any supervisory or management duties.

49. To the extent the recruiters make "decisions," such decisions do not require the exercise of independent discretion and judgment.

50. Instead, the Salaried Recruiters apply well-established techniques and procedures and use established standards to evaluate any issues.

51. Recruiters do not set the techniques and procedures utilized to perform their job duties and do not set quality standards.

52. Recruiters are not allowed to deviate from the techniques and procedures utilized to perform their job duties or from any quality standards.

53. With these job duties, the Salaried Recruiters are clearly non-exempt employees under the California Labor Code.

54. Munguia has no interests contrary to, or in conflict with, the Salaried Recruiters that would prevent class or collective treatment.

55. Like each Salaried Recruiter, Munguia has an interest in obtaining the unpaid overtime wages owed under California law.

56. A class action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

57. Absent a class action, many Salaried Recruiters will not obtain redress of their injuries, and Staffmark will reap the unjust benefits of violating the California Labor Code.

58. Further, even if some of the Salaried Recruiters could afford individual litigation against Staffmark, it would be unduly burdensome to the judicial system.

59. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Salaried Recruiters, as well as provide judicial consistency.

60. The questions of law and fact that are common to each Salaried Recruiter predominate over any questions affecting solely the individual members.

61. Among the common questions of law and fact are:
    a. Whether Staffmark employed the Salaried Recruiters within the meaning of the California Labor Code;
    b. Whether Staffmark's decision to classify its recruiters as exempt from overtime pay violated the California Labor Code;
    c. Whether Staffmark's violations of the California Labor Code were made in good faith;
    d. Whether Staffmark's violations of the California Labor Code were willful; and
    e. Whether Staffmark's illegal pay practices applied to all Salaried Recruiters.

62. The questions of law and fact that are common to each Salaried Recruiter predominate over any questions affecting solely the individual members.

63. Munguia and the Salaried Recruiters sustained damages arising out of Staffmark's illegal and uniform pay policy.

64. Munguia knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forMunguia as a collective action.

65. Staffmark's illegal pay policy uniformly deprived Munguia and the Salaried Recruiters of the overtime wages they are owed under California law.

66. There are many similarly situated Salaried Recruiters who have been denied overtime pay in violation of the California Labor Code who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

67. The Salaried Recruiters are known to Staffmark, are readily identifiable, and can be located through Staffmark's records.

### FIRST CAUSE OF ACTION—FAILURE TO PAY WAGES UNDER CALIFORNIA LAW

68. Munguia incorporates all other allegations.

69. The California Labor Code requires that all employees, including Munguia, receive 1.5 times their hourly rate as overtime premium compensation for hours worked over eight in one day. CAL. LAB. CODE § 510 (2017); IWC Wage Orders #1-2001 through #17-2001.

70. Despite working over eight hours a day as part of their normal and regular shift, Munguia did not receive the full overtime compensation at a rate not less than one-and-one-half times their proper regular rates for all hours worked over eight in one day.

71. The California Labor Code also requires that all employees, including Munguia, receive two times the overtime premium compensation for hours worked over 12 in one day. CAL. LAB. CODE § 510 (2017); IWC Wage Orders #1-2001 through #17-2001.

72. Although Munguia occasionally worked over 12 hours in one day, they did not receive the "double time" compensation required by California law.

73. The California Labor Code requires that all employees, including Munguia, receive two times the overtime premium compensation for hours worked over 8 in one day, in the seventh day of a workweek. CAL. LAB. CODE §§ 510, 551–52 (2017); IWC Wage Orders #1-2001 through #17-2001.

74. Although Munguia regularly worked seven days a week, for at least 12 hours a day, they did not receive the "double time" compensation required by California law for all hours over eight worked on the seventh day.

75. This pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation is unlawful and entitles Munguia to recover unpaid balance of the full amount of overtime wages owing, including liquidated damages, interest, attorneys' fees, and costs of suit pursuant to California Labor Code section 1194.

## SECOND CAUSE OF ACTION—FAILURE TO PROVIDE
## COMPENSATION FOR MISSED MEAL AND REST PERIODS

76. Munguia incorporates all other allegations.

77. In accordance with the mandates of California Labor Code sections 226.7 and 512, and applicable IWC Wage Orders, Munguia had the right to take two uninterrupted 30-minute meal periods for each day they worked 10 hours per day and a 10 minute rest period for every four hours worked per day. CAL. LAB. CODE §§ 226.7, 512; IWC Wage Orders #1-2001 through #17-2001.

78. Although the California Labor Code requires that all employees, including Munguia, receive two, 30-minute meal-period breaks when employed for ten hours per day, Munguia did not receive two meal-period breaks for each day worked, despite working shifts of 12 hours or more. CAL. LAB. CODE § 512; IWC Wage Orders #1-2001 through #17-2001.

79. As a pattern and practice, Staffmark did not provide Munguia with meal-period breaks, and did not provide proper compensation for this failure as required by California law.

80. Although the California Labor Code requires that all employees, including Munguia, receive a 10-minute rest period for every four hours worked, Munguia and the California Recruiters did not receive any rest periods during their shifts of 12 or more hours. CAL. LAB. CODE § 512; IWC Wage Orders #1-2001 through #17-2001.

81. As a pattern and practice, Staffmark did not provide Munguia with rest-period breaks, and did not provide proper compensation for this failure as required by California law.

82. Munguia is entitled to receive compensation, at their regular rate of pay, of one hour for each day they were denied their lawfully required meal- and rest-periods. CAL. LAB. CODE § 512; IWC Wage Orders #1-2001 through #17-2001.

83. Staffmark's policy failed to provide Munguia with the legally mandated meal period breaks. Such a pattern, practice, and uniform administration of corporate policy as described herein is unlawful and creates an entitled to recovery by Munguia in a civil action, for the balance of the unpaid compensation pursuant to Labor Code sections 226.7 and 512, and applicable IWC Wage Orders.

### THIRD CAUSE OF ACTION—VIOLATIONS OF RECORD KEEPING REQUIREMENTS

84. Munguia incorporates all other allegations.

85. California Labor Code section 226 requires Staffmark to keep accurate records regarding the rates of pay for their California employees and provide that information to Munguia with their wage payment.

86. Because Staffmark failed to pay Munguia lawful wages, it did not maintain accurate records of Munguia and the California Recruiters' daily hours, gross wages earned, net wages earned, and the applicable hourly rates, and did not provide that information to Munguia and the California Recruiters with their wages.

87. This pattern, practice, and uniform administration of corporate policy is unlawful and entitles Munguia to recover all damages and penalties available by law, including interest, penalties, attorney fees, and costs of suit. CAL. LAB. CODE § 226(e).

### FOURTH CAUSE OF ACTION—WAITING TIME PENALTIES

88. Munguia incorporates all other allegations.

89. At all relevant times, Staffmark was required to pay Munguia all wages owed in a timely fashion at the end of employment pursuant to California Labor Code sections 201 to 204.

90. As a result of Staffmark's alleged California Labor Code violations, Staffmark regularly failed to pay Munguia her final wages pursuant to California Labor Code sections 201 to 204, and accordingly Staffmark owes waiting time penalties pursuant to California Labor Code section 203.

91. The conduct of Staffmark, in violation of Munguia's rights, was willful and was undertaken by the agents, employees, and managers of Staffmark.

92. Staffmark's willful failure to provide Munguia the wages due and owing them upon separation from employment results in a continuation of wages up to 30 days from the time the wages were due.

93. Therefore, Munguia is entitled to compensation pursuant to California Labor Code section 203.

**FIFTH CAUSE OF ACTION—VIOLATION OF UNFAIR COMPETITION LAW**

94. Munguia incorporates all other allegations.

95. Staffmark has engaged, and continues to engage, in unfair and unlawful business practices in California by practicing, employing, and utilizing the employment practices outlined above by knowingly denying employees: (1) overtime wages required by California law; (2) meal- and rest-period break wages; (3) accurate wage statements; and (4) waiting time penalties.

96. As a result of Staffmark's failure to comply with California law, Staffmark has also violated the California Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE § 17200, *et. seq.*, which prohibits unfair competition by prohibiting any unlawful or unfair business actions or practices.

97. The relevant acts by Staffmark occurred within the four years preceding the filing of this action.

98. On information and belief, Staffmark has engaged in unlawful, deceptive, and unfair business practices, pursuant to California's Business and Professions Code section 17200, *et seq.*, including those set forth above, depriving Munguia and the California Recruiters of minimum working condition standards and conditions under California law and IWC Wage Orders as set forth above.

99. Munguia is entitled to restitution for at least the following: restitution for unpaid overtime wages and unpaid California Labor Code § 203 continuation wages.

100. Munguia is also entitled to permanent injunctive and declaratory relief prohibiting Staffmark from engaging in the violations and other misconduct referred to above.

101. Staffmark is also liable for fees and costs pursuant to California Code of Civil Procedure section 1021.5 and other applicable law.

**RELIEF SOUGHT**

102. Plaintiff prays for judgment against Staffmark as follows:

    a. For an order certifying this case as a class action under Rule 23 for purposes of the Salaried Recruiters;

    b. For a judgment awarding all unpaid wages, liquidated damages, and penalty damages, to Munguia and all Salaried Recruiters covered by this case;

c. For a judgment awarding Plaintiff and all Salaried Recruiters covered by this case their costs of this action;

d. For a judgment awarding Plaintiff and all Salaried Recruiters covered by this case their attorneys' fees;

e. For a judgment awarding Plaintiff and all Salaried Recruiters covered by this case pre- and post-judgment interest at the highest rates allowed by law; and

f. For all such other and further relief as may be necessary and appropriate.

Date: October 6, 2021

Respectfully submitted,

By: /s/ *Carl A. Fitz*
    **Carl A. Fitz**
    (Admitted *pro hac vice*)
    cfitz@mybackwages.com
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Ste. 3050
Houston, TX 77046

**Matthew S. Parmet**
(CSB # 296742)
matt@parmet.law
**PARMET PC**
340 S. Lemon Ave., #1228
Walnut, CA 91789
phone 713 999 5228
fax 713 999 1187

**Attorneys for Plaintiff**